IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,

v.

TREYTON LEE THOMAS,

Defendant.

FILED

JUN 26 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ MM _____ DEP CLK

## MOTION FOR ACCOUNTING, IDENTIFICATION, AND RETURN OF SPECIFIC NON-FORFEITED PERSONAL AND BUSINESS PROPERTY

COMES NOW Defendant Treyton Lee Thomas, proceeding pro se, and respectfully moves this Court for an Order directing the United States and any known custodian of Defendant's property to identify, account for, and return certain specifically identified non-forfeited personal and business property.

This motion is intentionally narrow. Defendant does not seek unrestricted discovery, investigative reports, witness statements, victim information, Presentence Report materials, or any protected materials governed by prior orders of this Court. Defendant does not seek to relitigate his conviction, sentence, restitution obligations, forfeiture proceedings, or any prior ruling of this Court.

Rather, Defendant seeks identification and return of a limited number of specific personal and business assets that appear unrelated to any continuing law-enforcement purpose and which are necessary for preservation of Defendant's personal affairs, intellectual property, business interests, account recovery, and eventual reentry.

### BACKGROUND

1. Defendant's restitution obligations have been fully satisfied.

2. Defendant's forfeiture obligations have been fully satisfied, and the forfeiture judgment has been canceled of record.

3. The Court has previously recognized that Defendant's financial obligations arising from this matter have been resolved.

4. Defendant seeks only clarification concerning the existence, custody, location, and disposition of specific items of personal and business property that were seized, accessed, copied, produced in discovery, or otherwise came into the possession of the government or persons acting on behalf of the government during the investigation and prosecution of this matter.

5. Defendant has previously attempted to obtain information concerning these items through former counsel and informal requests. Those efforts have not resolved the matter.

### PRIOR POSSESSION OF REQUESTED PROPERTY

6. Certain items requested herein were previously provided to Defendant during the criminal proceedings while Defendant was detained pretrial.

7. The Gemini subscriber information described below was produced in discovery and was previously in Defendant's possession.

8. Due to extended detention, transfers among detention facilities, institutional restrictions, and the practical difficulties associated with maintaining voluminous legal materials while incarcerated, Defendant no longer possesses certain materials that were previously disclosed to him.

---

9. Accordingly, Defendant is not seeking new discovery. Defendant seeks access to specific personal and business information that was previously disclosed and which is believed to relate to legitimate business activities unrelated to the offense of conviction.

10. Defendant further understands that testimony presented during the proceedings described Gemini as a legitimate algorithmic trading business unrelated to the offense conduct in this case.

## PROPERTY AT ISSUE

Defendant respectfully requests identification and return of the following specific property to the extent it exists and is not otherwise prohibited from release by law or court order:

### A. Gemini Business Records

Gemini subscriber email-list information, customer-contact information, and related business records associated with Defendant's Gemini business operations.

### B. Proprietary Intellectual Property

A trading algorithm, source code, strategy file, program, or related intellectual property authored by Defendant and produced, copied, seized, or maintained during the investigation or prosecution.

### C. Proton Account Recovery Information

Credentials, recovery information, authentication records, account-access information, account-recovery data, or related materials reasonably necessary to assist Defendant in recovering access to his Proton account(s).

Defendant understands that government personnel accessed certain accounts during the investigation and that account credentials may have been changed. Defendant therefore seeks identification and return of any information that may assist in account recovery.

### D. Coinbase Account Recovery Information

Credentials, recovery information, authentication records, account-access information, account records, or related materials reasonably necessary to assist Defendant in recovering access to his Coinbase account(s).

### E. Related Non-Forfeited Digital Property

Any associated login information, authentication information, recovery information, account-access information, or other non-forfeited digital property relating to the items identified above.

## REQUEST FOR IDENTIFICATION AND ACCOUNTING

Defendant respectfully requests that the Court direct the United States and any known custodian to identify:

1. Whether each requested item exists;

2. Whether each item was seized, copied, imaged, accessed, produced in discovery, or otherwise obtained during the investigation or prosecution;

3. The current custodian of each item;

4. Whether each item was forfeited, destroyed, transferred, returned, or retained;

5. Whether any protective order, privilege, statutory restriction, or other legal basis prevents release;

6. Whether any portion of the requested property may be released without implicating protected discovery materials or confidential information.

------------------------------------------------------------------------------------------------

RETURN OF PROPERTY

To the extent any requested item:

(a) exists,

(b) was not forfeited,

(c) is not protected from disclosure by law or court order,

(d) is unrelated to victim information or protected discovery, and

(e) serves no continuing law-enforcement purpose,

Defendant respectfully requests that such property be returned or released.

ALTERNATIVE RELIEF

If the Court determines that immediate return is not appropriate, Defendant respectfully requests that the Court require the United States and any known custodian to submit a declaration identifying:

1. Whether the requested item exists;

2. The current custodian of the item;

3. Whether the item was forfeited;

4. Whether the item was destroyed, transferred, returned, or otherwise disposed of;

5. The legal basis preventing release; and

6. Whether any portion of the item may be released in redacted or limited form.

ADMINISTRATIVE AGENT

Defendant further requests that any property approved for release be released to:

Jason Burk
1222 SW 10th Ave
Topeka, Kansas 66604
[jason@jason93.com](mailto:jason@jason93.com)
469-884-9516

Mr. Burk acts as Defendant's attorney-in-fact pursuant to a Durable Power of Attorney and serves as Defendant's designated administrative agent for purposes of managing Defendant's personal, business, financial, and reentry-related affairs during Defendant's incarceration.

CONCLUSION

This motion does not seek unrestricted discovery, investigative materials, victim information, Presentence Report materials, or any other protected Information governed by prior rulings of this Court.

Instead, Defendant seeks only a determination regarding the existence, custody, disposition, and potential return of specific non -forfeited personal and business property, much of which was previously disclosed to Defendant and appears unrelated to the offense conduct underlying this case.

WHEREFORE, Defendant respectfully requests that the Court grant the relief requested herein and award such further relief as justice may require.

TRULINCS 21592084 - THOMAS, TREYTON LEE - Unit: COL-A-B

-------------------------------------------------------------------------------

Respectfully submitted,

Treyton Lee Thomas                 6.18.26
Pro Se Defendant