IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-00087-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **RESPONSE IN OPPOSITION TO** |
| | : | ***PRO SE* MOTION FOR RETURN** |
| TREYTON LEE THOMAS | : | **OF PROPERTY** |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds to Defendant's "Motion for Accounting, Identification, and Return of Specific Non-Forfeited Personal and Business Property" [D.E. 88].

## BACKGROUND

The Presentence Investigation Report sets forth a detailed summary of the conduct charged in both Indictments. *See* 5:16-CR-00298-D [D.E. 122], and 5:18-CR-00087-D [D.E. 36] (hereinafter referred to as "PSR"). In a nutshell, beginning in January 2005 and continuing to August 2013, Defendant engineered and carried out an elaborate investment fraud scheme, falsely representing to his father, his father's business associates, his wife, and his father-in-law (collectively referred to as "the victims") that he invested their money in secured U.S. Treasury Bills. Instead, he made highly risky investments in the commodity markets, resulting in significant losses, and funded a lavish lifestyle. Defendant concealed his scheme for more than seven years by repeatedly lying to investors, business executives, bankers, brokers,

and accountants and providing these individuals with fabricated brokerage and bank documents. Desperate for funds to conceal the losses and maintain his extravagant standard of living, Defendant mortgaged his father's real estate holdings and dishonestly represented to lenders that his father had millions securely invested. Like all Ponzi schemes, Defendant eventually began using other investors' money to conceal his fraud and meet pressing financial obligations, like his father's mortgages and quarterly "interest" payments to his wife and father-in-law. Ultimately, in 2012, Fidelity Bank and Trust discovered the fraud and alerted the U.S. Secret Service.

The investigation into the fraud schemes revealed that Defendant failed to file U.S. Income Tax Returns (Forms 1040) or pay taxes for two decades. He concealed his income by using offshore entities and employing individuals from offshore corporation management companies to act as his nominee in business ventures and move victims' funds in and out of the United States. He also used aliases and variations of his given name to conceal his identity. By failing to file income tax returns and affirmatively acting to conceal his income from the IRS, Defendant successfully evaded approximately $1,292,806 in income tax due and owing to the U.S. Treasury.

Defendant's conduct was the focus of two indictments charging a total of 29 offenses. PSR ¶¶ 1–7. Defendant eventually pleaded guilty with a plea agreement to one count of wire fraud and one count of tax evasion, each covering a multi-year period. PSR ¶ 8; *see also* Nos. 5:16-CR-00298-D [D.E. 95], and 5:18-CR-00087-D [D.E.

2

19] (hereinafter cited as "Plea Agreement"). As part of his arrangement with the government, Defendant agreed:

> To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. . . . .
>
> . . . [and to] forfeit[] and otherwise[] waive any ownership right in all items seized during the investigation of the acts alleged in the Indictments. . . .

Plea Agreement ¶¶ 2.d–2.e.

This Court sentenced Defendant to nearly 22 years' imprisonment in August 2019. The following year, the Fourth Circuit dismissed his consolidated appeals pursuant to the appellate waiver in his binding plea agreement. *United States v. Thomas*, 816 F. App'x 839 (4th Cir. 2020) (unpublished). His petition for certiorari was denied on June 7, 2021. *Thomas v. United States*, 141 S. Ct. 2745 (2021).

## ARGUMENT

Defendant recently filed a similar motion in related case No. 5:18-CR-00298-D [D.E. 220], seeking an accounting, and the return of, any Bitcoin Cash (BCH) or other digital assets that had not been forfeited. On April 22, 2026, the Court entered an Order at D.E. 227 in that case denying Defendant's request on the grounds that "the plea agreement bars Thomas's request for an accounting and other records from the United States" and that "Thomas fails to show an entitlement to any further relief."

The instant motion, which differs in substance only in that it was filed under a different case number, fails for the same reason. Specifically, Defendant's request to be provided with an accounting, identifying information, and the return of five categories of non-forfeited property* is squarely foreclosed by the terms of his plea agreement, in which he agreed to "waive all rights . . . to request or receive from the United States any records pertaining to the investigation or prosecution of this matter;" and further agreed to "forfeit[] and otherwise waive[] any ownership right in all items seized during the investigation of the acts alleged in the Indictment." *See* Plea Agreement ¶¶ 2.d, 2.e.

WHEREFORE, Defendant's motion should be denied.

Respectfully submitted this 14th day of August, 2026.

W. ELLIS BOYLE
United States Attorney


BY:   */s/ Matthew L. Fesak*
MATTHEW L. FESAK
Assistant United States Attorney
Chief, Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: matthew.fesak@usdoj.gov
NC State Bar #35276
*Attorney for the United States*

---

* One category—"non-forfeited digital property"—appears to be exactly the same subject matter as the previously filed motion, wherein Defendant sought an accounting and the return of "Bitcoin Cash (BCH) or other digital assets" that were never forfeited. The other categories appear to be records and account information related to his digital asset holdings.

4

<u>CERTIFICATE OF SERVICE</u>

I certify that I have on this 14th day of August, 2026, served a copy of the

foregoing Response upon *pro se* Defendant by placing a copy of the same in the U.S.

Mail, addressed as follows:

Treyton Lee Thomas
Reg. No.  21592-084
FCI Coleman - Low
Federal Correctional Institution
P.O. Box 1031
Coleman, FL  33521


*/s/ Matthew L. Fesak*
MATTHEW L. FESAK
Assistant United States Attorney

5